T. KEVIN ROOSEVELT, Cal. Bar No. 205485
    *kroosevelt@ftrlfirm.com*
JARED M. TOFFER, Cal. Bar No. 223139
    *jtoffer@ftrlfirm.com*
KAYLA Y. WALES, Cal. Bar No. 340725
    *kwales@ftrlfirm.com*
**FINLAYSON TOFFER**
**ROOSEVELT & LILLY LLP**
15615 Alton Parkway, Suite 270
Irvine, California 92618
Telephone:  949-759-3810
Facsimile:   949-759-3812

Attorneys for Plaintiff
OCEANSIDE HEALTH PRODUCTS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| OCEANSIDE HEALTH PRODUCTS LLC, a California limited liability company,<br><br>                         Plaintiff,<br><br>            v.<br><br>INSTOCK GOODIES INC., a New York corporation; and DOES 1-10, inclusive,<br><br>                         Defendants. | Case No.  8:23-cv-266-CJC-DFM<br><br>**OPPOSITION TO DEFENDANT INSTOCK GOODIES INC.'S MOTION TO DISMISS COMPLAINT FOR LACK OF JURISDICTION**<br><br>Complaint Filed:  March 6, 2023 |

# **TABLE OF CONTENTS**

I.      INTRODUCTION ...................................................................................... 1

II.     BACKGROUND ........................................................................................ 2

     A.    Factual Allegations ........................................................................ 2

     B.    Procedural History ......................................................................... 4

III.    STANDARD .............................................................................................. 4

IV.    ARGUMENT .............................................................................................. 4

     A.    Defendant Is Subject To Specific Personal Jurisdiction ........................ 4

          1.    Defendant Has Purposefully Directed Its Activities to the Forum ....................................................................................... 6

          2.    Oceanside's Claims Arise From Defendant's Forum-Related Activities .................................................................. 11

          3.    The Exercise of Specific Personal Jurisdiction Over Defendant Is Reasonable .................................................... 12

V.     IN THE ALTERNATIVE, THE COURT SHOULD ALLOW  OCEANSIDE TO CONDUCT JURISDICTIONAL DISCOVERY ............................................... 13

VI.    CONCLUSION ........................................................................................ 14

OPPOSITION TO DEFENDANT INSTOCK GOODIES INC.'S MOTION TO DISMISS COMPLAINT

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Cases</u>

3

*Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*
4      94 F.3d 586, 588 (9th Cir.), supplemented, 95 F.3d 1156 (9th Cir. 1996) .......4

5 *America West Airlines, Inc. v. GPA Group, Ltd.*
     877 F.2d 793 (9th Cir.1989) ...........................................................................13
6

*Ballard v. Savage*
7      65 F.3d 1495 (9th Cir. 1995).......................................................................4, 12

8 *Boschetto v. Hansing*
     539 F.3d 1011 (9th Cir. 2008) ........................................................................4
9

*Burger King Corp. v. Rudzewicz*
10      471 U.S. 462, 105 S. Ct. 2174, 85 L.Ed.2d 528 (1985) ..................................6

11 *c.f. Ziegler v. Indian River Cnty.*
     64 F.3d 470 (9th Cir. 1995)........................................................................6, 12
12

*CollegeSource, Inc. v. AcademyOne, Inc.*
13      653 F.3d 1066 (9th Cir. 2011 .................................................................*passim*

14 *Dole Food Co. v. Watts*
     303 F.3d 1104 (9th Cir. 2002) .......................................................................10
15

*Entrepreneur Media, Inc. v. Rugged Entrepreneur*
16      WL 4497891 (C.D. Cal. July 14, 2021) .....................................................7, 10

17 *International Shoe Co. v. Washington*
     326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945) ...........................................5
18

*Int'l Aero Prod., LLC v. Aero Advanced Paint Tech., Inc.*
19      325 F. Supp. 3d 1078 (C.D. Cal. 2018)..........................................................12

20 *Lake v. Lake*
     817 F.2d 1416 (9th Cir.1987)..........................................................................6
21

*Levi Strauss & Co. v. Toyo Enter. Co.*
22      665 F. Supp. 2d 1084  (N.D. Cal. 2009) .....................................................7, 11

23 *Love v. Associated Newspapers, Ltd.*
     611 F.3d 601 (9th Cir. 2010)............................................................................7
24

*Mavrix Photo, Inc. v. Brand Techs., Inc.*
25      647 F.3d 1218 (9th Cir. 2011).........................................................................7

26 *NBA Properties, Inc. v. HANWJH*
     46 F.4th 614 (7th Cir. 2022)............................................................................8
27

*Orchid Biosciences, Inc. v. St. Louis University*
28      198 F.R.D. 670 (S.D. Cal., Jan. 11, 2001) ....................................................13

ii

OPPOSITION TO DEFENDANT INSTOCK GOODIES INC.'S MOTION TO DISMISS
COMPLAINT

*Panavision Int'l, L.P. v. Toeppen*
   141 F.3d 1316 (9th Cir. 1998) ........................................................................11

*Pebble Beach Co. v. Caddy*
   453 F.3d 1151 (9th Cir. 2006) ..........................................................................7

*Schwarzenegger v. Fred Martin Motor Co.*
   374 F.3d 797 (9th Cir. 2004) ................................................................4, 5, 6, 7

*Sher v. Johnson*
   911 F.2d 1357 (9th Cir. 1990) ....................................................................4, 12

*Wargaming.net Ltd. v. Blitzteam LLC*
   WL 3619956 (C.D. Cal. Jan. 20, 2021) ..........................................................11

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*
   433 F.3d 1199 (9th Cir. 2006) ..........................................................................6

OPPOSITION TO DEFENDANT INSTOCK GOODIES INC.'S MOTION TO DISMISS
COMPLAINT

Plaintiff Oceanside Health Products LLC ("Oceanside") submits the following Opposition to Defendant InStock Goodies Inc.'s ("Defendant") Motion to Dismiss Oceanside's Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) (the "Motion").

## I. INTRODUCTION

Oceanside, a California-based e-commerce company, informed Defendant months before this action was filed that Oceanside – and Oceanside alone – has an exclusive agreement with Detoxify, LLC ("Detoxify") to ensure that Detoxify products sold on the Amazon.com United States website (the "Amazon Platform") are sold solely through authorized distribution channels. Oceanside notified Defendant of its contract with Detoxify upon discovering that Defendant was making unauthorized online sales of Detoxify products through an Amazon storefront belonging to Defendant named "InStock Goodies."

In addition, Oceanside, which has a power of attorney to enforce Detoxify's trademarks, informed Defendant that Defendant was infringing on Detoxify's trademarks by selling products bearing Detoxify's marks on the Amazon Platform.

Defendant failed to cease interfering with Oceanside's exclusive agreement with Detoxify and continued infringing Detoxify's trademarks, prompting this lawsuit.

Defendant has more than sufficient contacts with California in connection with the illegal sales of Detoxify products that form the basis of the lawsuit and meet the due process minimum contacts requirement for specific jurisdiction. In its Motion to Dismiss, Defendant seemingly ignores every explanation as to why this action was filed in this forum. Oceanside's allegations and claims clearly support the exercise of personal jurisdiction over Defendant, as Defendant was fully aware that Oceanside was based in California and yet it purposefully directed its unlawful activities to California harming a resident thereof and performed acts by which it purposefully availed itself of the privilege of conducting activities in California,

1  thereby invoking the benefits and protections of its laws.  As a result, Defendant's
2  motion should be denied.

3  **II.    BACKGROUND**

4      **A.    Factual Allegations**

5      Oceanside is a California-based e-commerce company that, among other
6  things, has an exclusive contract to sell and distribute products from Detoxify, LLC
7  ("Detoxify") on the Amazon.com United States website (the "Amazon Platform").
8  Compl., ¶¶ 7, 11; Declaration of Amy Belanger ("Belanger Decl."), ¶ 3.  Detoxify is
9  a company that researches, develops, designs, manufactures, markets and sells
10 healthy detoxification products (the "Detoxify Products").  Compl., ¶ 8.  Defendant
11 has known about Oceanside's exclusive agreement to sell and distribute the Detoxify
12 Products on the Amazon Platform since at least October 28, 2022.  *See* Belanger
13 Decl., ¶ 8.

14     The Detoxify Products are associated with the Detoxify brand and registered
15 trademarks with the United States Patent and Trademark Office, including but not
16 limited to Registration #1898539 (the "Detoxify Trademarks").  Compl., ¶ 9.
17 Oceanside distributes the Detoxify Products bearing the Detoxify Trademarks and
18 has entered into a Limited Power of Attorney to Enforce Product Distribution and
19 Trademarks of Detoxify, LLC.  Belanger Decl., ¶ 4, Ex. A.  Pursuant to this
20 agreement, Detoxify authorized Oceanside to, among other things, initiate legal
21 action on Detoxify's behalf against any sellers who wrongfully divert Detoxify's
22 products and/or infringe Detoxify's intellectual property rights covered by the
23 exclusive distribution agreement between Oceanside and Detoxify.  Compl., ¶¶ 11,
24 31, 48; *see also* Belanger Decl., ¶ 4, Ex. A.

25     Despite Oceanside's exclusive distribution agreement with Detoxify to ensure
26 that products sold on the Amazon Platform are sold solely through authorized
27 distribution channels, Compl., ¶ 11, Defendant has admittedly purchased Detoxify
28 Products and sold them on the Amazon Platform through its online storefront,

2

1  "InStock Goodies."  *See* Declaration of Tzvi Heschel ("Heschel Declaration"), ¶¶
2  15-17; *see also* Belanger Decl., ¶ 5.  Defendant has not been approved to sell the
3  Detoxify Products on the Amazon Platform, and the products advertised and sold on
4  the Amazon Platform by Defendant are not authorized for sale.  Belanger Decl., ¶ 6.
5  As alleged in the Complaint, "[n]either Detoxify nor Oceanside have approved
6  [Defendant] to sell Detoxify [P]roducts on Amazon."  Compl., ¶ 12.  "The [Detoxify
7  Products] sold online by [Defendant] bearing the [Detoxify Trademarks] are not
8  authorized for sale by Oceanside or Detoxify."  *Id*. ¶¶ 34, 51.

9        Moreover, Defendant "unlawfully, willfully, and knowingly used and
10  continues to use the [Detoxify Trademarks] in interstate commerce for purposes of
11  selling products bearing the [Detoxify Trademarks] on the Amazon [Platform]
12  without Oceanside's or Detoxify's consent."  *Id*. ¶¶ 33, 50; *see also* Heschel Decl., ¶
13  16 (admittingly selling Detoxify Products on the Amazon Platform).

14        In sum, Defendant engaged in infringing conduct while fully aware of
15  Oceanside's contract with Detoxify for the exclusive sale and distribution of
16  Detoxify Products sold on the Amazon Platform.  As alleged in the Complaint,
17  Defendant "was aware of Oceanside's contract with Detoxify for the exclusive
18  distribution of Detoxify products sold on [the Amazon Platform] through solely
19  authorized distribution channels." Compl., ¶ 22.  Oceanside expressly provided
20  notice to Defendant of Oceanside's exclusive distribution agreement it had with
21  Detoxify no later than October 28, 2022, the date of the Cease and Desist Letter
22  Oceanside caused to be sent from within this District.  Belanger Decl., ¶ 8.
23  Defendant's intentional conduct of listing, advertising and selling Detoxify Products
24  bearing the Detoxify Trademarks on the Amazon platform has been designed to
25  interfere with Oceanside's contract with Detoxify.  Compl., ¶ 23-25; *see also*
26  Belanger Decl., ¶ 7.

27
28
                                    3

### B.     Procedural History

On March 6, 2023, Oceanside filed its Complaint in this action against Defendant in this District alleging causes of action for (1) intentional interference with contractual relations, (2) trademark infringement in violation of 15 U.S.C. §§ 1114, 1125(a)(1)(A), and (3) common law trademark infringement.  *See* Dkt. 1.

On April 7, 2023, Defendant filed its Motion to Dismiss the Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).  *See* Dkt. 13.

## III.   STANDARD

"In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) (citing *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008)).  Where a motion is based on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts."  *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).  In other words, "the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant."  *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).

In determining whether the plaintiff has met this burden, "uncontroverted allegations in [the plaintiff's] complaint must be taken as true," *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir.), supplemented, 95 F.3d 1156 (9th Cir. 1996), and "conflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor."  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

## IV.   ARGUMENT

### A.     Defendant Is Subject To Specific Personal Jurisdiction

"When no federal statute governs personal jurisdiction, the district court applies the law of the forum state."  *Boschetto*, 539 F.3d at 1015.  Here, California's long-arm statute authorizes courts of this state to exercise jurisdiction on any basis

4

not inconsistent with the Constitution of this state or of the United States.  Cal. Civ. Proc. Code § 410.10.  Since California's personal jurisdictional statute is coextensive with federal due process requirements, "the jurisdictional analyses under state law and federal due process are the same."  *Schwarzenegger*, 374 F.3d at 800–01.

For a district court to exercise personal jurisdiction over a non-resident defendant consistent with due process, "that defendant must have 'certain minimum contacts' with the relevant forum such that the maintenance of the suit 'does not offend traditional notions of fair play and substantial justice.'"  *CollegeSource*, 653 F.3d at 1073 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945) (internal quotation marks and citation omitted)). The measure of the sufficiency of minimum contacts with the forum and fairness depends on the basis of jurisdiction, as fewer contacts with the forum are required for specific jurisdiction rather than general jurisdiction.  *See*, *e.g.*, *CollegeSource*, 653 F.3d at 1075 ("A nonresident defendant's discrete, isolated contacts with the forum support jurisdiction on a cause of action arising directly out of its forum contacts, but this is specific rather than general jurisdiction.").

Courts sitting in the Ninth Circuit determine whether a non-resident defendant's contacts with the forum meet the due process minimum contacts requirement for specific jurisdiction under the following three-prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

OPPOSITION TO DEFENDANT INSTOCK GOODIES INC.'S MOTION TO DISMISS COMPLAINT

*Schwarzenegger*, 374 F.3d at 802 (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir.1987)).  "The plaintiff bears the burden of satisfying the first two prongs of the test."  *Id.* (citing *Sher*, 911 F.2d at 1361).  If the plaintiff does so, "the burden then shifts to [the defendant] to set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable."  *CollegeSource*, 653 F.3d at 1076 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78, 105 S. Ct. 2174, 85 L.Ed.2d 528 (1985)).  Here, the first two prongs of the specific jurisdiction analysis are satisfied.

### 1.    Defendant Has Purposefully Directed Its Activities to the Forum

To determine specific jurisdiction in a suit involving trademark infringement, courts look to whether a defendant "purposefully directs" its activities toward the forum.  *See Schwarzenegger*, 374 F.3d at 802 (reasoning that purposeful direction analysis is most often used in suits sounding in tort); *c.f. Ziegler v. Indian River Cnty.*, 64 F.3d 470, 473 (9th Cir. 1995) (recognizing that courts apply different purposeful availment tests to contract and tort cases).

The relevant inquiry for purposeful direction is "whether a defendant purposefully directs his activities at the forum state, applying an effects test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum.  *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (internal quotations omitted).  This inquiry is often referred to as the *Calder* effects test, as derived from *Calder v. Jones*, 465 U.S. 783 (1984), and requires that "the defendant allegedly [must] have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."  *Yahoo!*, 433 F.3d at 1206 (quoting *Schwarzenegger*, 374 F.3d at 803).

First, Defendant has committed intentional acts aimed at California and Oceanside, a California limited liability company, has felt the effects of Defendant's

OPPOSITION TO DEFENDANT INSTOCK GOODIES INC.'S MOTION TO DISMISS COMPLAINT

acts in this state.  "Intentional act" has a specialized meaning in the context of the *Calder* effects test, and is "an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act." *Schwarzenegger*, 374 F.3d at 806.  At the pleading stage, allegations of trademark infringement satisfy the intentional act requirement.  *See Entrepreneur Media, Inc. v. Rugged Entrepreneur*, 2021 WL 4497891, at *4 (C.D. Cal. July 14, 2021) (finding plaintiff's allegations that defendants infringed on its trademark and defendants' knowing, willful, and malicious use of the mark is damaging to plaintiff satisfied element of intentional act); *see also Levi Strauss & Co. v. Toyo Enter. Co.*, 665 F. Supp. 2d 1084, 1093 (N.D. Cal. 2009) (finding that the intentional act requirement is satisfied by allegations of trademark infringement).  In addition, Defendant continued to knowingly and illegally sell Detoxify products in violation of Oceanside's exclusive rights.  Oceanside has met its burden here.

Second, contrary to Defendant's assertions, the express aiming element is satisfied here.  Courts have made clear that "the 'expressly aimed' prong of the purposeful direction test can be met where a plaintiff alleges that the defendant individually targeted him by misusing his intellectual property on the defendant's website for the purpose of competing with the plaintiff in the forum." *CollegeSource*, 653 F.3d at 1077 (quoting *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 609 (9th Cir. 2010)).  Indeed, the Ninth Circuit has expressed the importance of considering several factors in determining whether the defendant expressly aimed at the forum state, "including the interactivity of the defendant's website" and "geographic scope of the defendant's commercial ambitions." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1229 (9th Cir. 2011) (citing *Pebble Beach*, 453 F.3d at 1153–54, 1156–58).  Taking these factors into consideration here, Defendant has expressly aimed its conduct at California – where Oceanside conducts its business managing Detoxify's brand, products, and intellectual property rights – when Defendant intentionally sold infringing products bearing the Detoxify

1  Trademarks through its online storefront on the Amazon Platform.  This conduct

2  also expressly targeted and interfered with Oceanside's exclusive rights.

3       In *NBA Properties, Inc.*, the Court of Appeal for the Seventh Circuit found in

4  favor of exercising specific jurisdiction over a non-resident defendant accused of

5  infringing on the plaintiff's trademarks where the defendant had shipped a product to

6  the forum after it had "structured its sales activity in such a manner as to invite

7  orders from [the forum] and developed the capacity to fill them."  *NBA Properties,*

8  *Inc. v. HANWJH*, 46 F.4th 614, 625 (7th Cir. 2022).  The court found that the

9  defendant had purposefully directed activity at the forum where the defendant had

10  established an online store using a third-party retailer, Amazon.com, and allegedly

11  sold products infringing on the plaintiff's trademarks.  *Id*. at 624–625.  The court

12  reasoned that the defendant "unequivocally asserted a willingness to ship goods to

13  [the forum] and established the capacity to do so" where the defendant intentionally

14  shipped an infringing product to the customer's designated address in the forum

15  when it filled the order.  *Id*.  The court further explained that in assessing purposeful

16  direction, "what matters is its structuring of its own activities so as to target the

17  [forum] market."  *Id*. at 624.

18       Here, Oceanside's Complaint alleges, among other things, that Defendant

19  illegally sells products bearing the Detoxify Trademarks directly through

20  Defendant's online storefront on the Amazon Platform.  Oceanside has performed

21  test buys of the listings whereby Oceanside has placed an order directly through

22  Defendant's online storefront, and in doing so, identified its California office as both

23  the shipping and billing address for the orders.  Belanger Decl., ¶¶ 9, 10.  As a result

24  of Defendant processing the orders, Oceanside received products at its California

25  office.  Belanger Decl., ¶ 10.  Among these test buys placed by Oceanside,

26  Defendant accepted, processed, and caused Amazon to fulfill the orders placed

27  directly through Defendant's online storefront on the following dates:  November 9,

28  2022, January 24, 2023, and February 27, 2023.  Belanger Decl., ¶ 12.

OPPOSITION TO DEFENDANT INSTOCK GOODIES INC.'S MOTION TO DISMISS
COMPLAINT

To fulfill these orders, Defendant utilizes "Fulfillment by Amazon."  Heschel Decl., ¶ 17.  Fulfillment by Amazon is an Amazon-based inventory and fulfillment service that ships the seller's inventory to the shipping addresses included in valid customer orders, or submitted by Defendant as part of a Fulfillment Request.  *Id*.; *see also* Belanger Decl., ¶ 11, Ex. B.  "To deliver your products as quickly as possible to buyers, [Amazon] distribute[s] your inventory across our network of fulfillment centers based on your shipment volume and customer demand … your shipment may be divided into multiple shipments, each directed to a different receive center or fulfillment center."  *Id*., Ex B.  Sellers that establish an online store through Amazon and utilize Fulfillment by Amazon do not have the ability to turn on or turn off sales to certain states under Amazon's Fulfillment by Amazon terms and conditions.  *Id*., Ex. B.  This means that sellers that utilize Amazon's fulfillment services, including Defendant, elect to have inventory stored, shipped, and otherwise fulfilled from Amazon Fulfillment Centers located in California when they process orders from anywhere in California.  *Id*., Ex. B.  Clearly, Defendant's conduct demonstrates a willingness to ship the alleged products bearing the Detoxify Trademarks to California, and Defendant has established the capacity to do so by utilizing Amazon's fulfillment services.

In addition, Defendant's own website connected to its storefront and seller profile on the Amazon Platform is inclusive of language targeting California in that seeks to comply with California's privacy laws.  *See* Belanger Decl., ¶ 20, Ex. I (InStockGoodies' Privacy Policy webpage providing for rights under CCPA).  Just as the court in *NBA Properties, Inc.* pointed out that the defendant knew it was subject to the jurisdiction of the forum when it shipped counterfeit product to the forum, *NBA Properties*, 46 F.4th at 624–625, Defendant's inclusion of California's privacy laws demonstrates that Defendant knew conducting business with California could subject it to liability under state law and Defendant stood ready and willing to do business with California with that in mind.

OPPOSITION TO DEFENDANT INSTOCK GOODIES INC.'S MOTION TO DISMISS COMPLAINT

Furthermore, each of these orders that Defendant processed and caused to be fulfilled through Fulfillment by Amazon was shipped to an address located within this District of California – Oceanside's place of business.  Belanger Decl., ¶¶ 12–18, Ex. C–H.  As a California-based e-commerce company, Oceanside not only discovered the illegal sale of Detoxify Products being sold through Defendant's online storefront while monitoring unauthorized online sales of Detoxify Products from its California office, but also received delivery of all of the test buys orders placed on the Amazon Platform through Defendant's online storefront on the Amazon Platform at its California office.  Belanger Decl., ¶ 19.  Each of these test buys delivered to Oceanside further support Oceanside's claims that it experienced loss of business, goodwill, reputation, and profits in connection with Defendant's intentional acts in California.

The final element of the *Calder* effects test is satisfied by showing that a defendant's intentional act has foreseeable effects in the forum since the Ninth Circuit has made clear that "the 'brunt' of the harm need not be suffered in the forum state."  *See Yahoo!*, 433 F.3d at 1207.  "If a jurisdictionally sufficient amount of harm is suffered in the forum state, it does not matter that even more harm might have been suffered in another state."  *Id*.  Further, courts routinely find that the third element is satisfied "when a forum in which a plaintiff corporation has its principal place of business is in the same forum toward which defendants expressly aim their acts."  *Dole Food Co. v. Watts*, 303 F.3d 1104, 1114 (9th Cir. 2002); *see e.g.*, *Entrepreneur Media*, 2021 WL 4497891, at *8 (C.D. Cal. July 14, 2021) (finding it was foreseeable that plaintiff would suffer harm in California, as California is plaintiff's principal place of business and plaintiff alleged defendant willfully infringed on its trademarks and caused plaintiff to suffer damages).

In the instant case, it was foreseeable that the harm alleged in Oceanside's Complaint would occur in California when Defendant targeted the California market for sales of health detoxification products.  Consistent with Oceanside's allegations

10

OPPOSITION TO DEFENDANT INSTOCK GOODIES INC.'S MOTION TO DISMISS
COMPLAINT

in the Complaint, Oceanside has suffered, and continues to suffer damages, including but not limited to loss of business, goodwill, reputation, and profits as a limited liability company with its principal place of business in California.  At the very least, Defendant committed the tortious and infringing acts alleged in the Complaint *knowing* that Oceanside had an exclusive right to sell Detoxify products on the Amazon Platform.  *See* Belanger Decl., ¶¶ 7–8.  For these reasons, Oceanside has satisfied the third and final element of the *Calder* effects test.

## 2.    Oceanside's Claims Arise From Defendant's Forum-Related Activities

"The second requirement for specific, personal jurisdiction is that the claim asserted in the litigation arises out of the defendant's forum related activities." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998).  The Ninth Circuit applies a "but for" causation test that is satisfied if the plaintiff "would not have been injured but for the defendant's conduct directed toward the forum." *Id*. California courts within the Ninth Circuit routinely find the second prong of the specific jurisdiction analysis is satisfied if the plaintiff would not have been injured "but for" the defendant's forum-related conduct.  *See, e.g.*, *Levi Strauss & Co*., 665 F. Supp. 2d at 1094 (reasoning that plaintiff satisfied the second-prong of the specific jurisdiction analysis where plaintiff's claims would not have arisen absent defendant's sale of infringing products in California); *Wargaming.net Ltd. v. Blitzteam LLC*, 2021 WL 3619956, at *4 (C.D. Cal. Jan. 20, 2021) (concluding that plaintiff's infringement claims arise out of defendant's conduct aimed at the forum where plaintiff alleged that defendant infringed on its trademarks by distributing its product to forum consumers).

Here, Defendant's unauthorized and illegal sales of Detoxify Products had the effect of injuring Oceanside in California.  Defendant's California-related activities of listing, advertising, and selling unauthorized and infringing products bearing the Detoxify Trademarks on the Amazon Platform, in violation of Oceanside's exclusive

11

OPPOSITION TO DEFENDANT INSTOCK GOODIES INC.'S MOTION TO DISMISS COMPLAINT

rights, is a *but-for* cause of Oceanside's harm alleged in the Complaint, as Oceanside's claims would not have arisen but-for Defendant's infringing and tortious conduct.  Since Defendant was fully aware that Oceanside was based in California while managing Detoxify's brand, products, and intellectual property rights, it cannot meritoriously argue that Oceanside's alleged injuries did not arise from or relate to its California-related activities.

Thus, the first two prongs of the specific personal jurisdiction test are established here.

### 3.    The Exercise of Specific Personal Jurisdiction Over Defendant Is Reasonable

Where the plaintiff has made a prima facie case that the assertion of specific jurisdiction over the defendant is constitutional, the burden shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would be unreasonable and therefore violate due process.  *CollegeSource*, 653 F.3d at1079 (citing *Burger King*, 471 U.S. at 480, 105 S. Ct. 2174).

Courts in the Ninth Circuit are bound to a presumption that "an otherwise valid exercise of specific jurisdiction is reasonable." *Ballard*, 65 F.3d at 1500; *see also Sher*, 911 F.2d at 1364 (explaining that personal jurisdiction is presumptively reasonable when the defendant purposefully directed its activities to California).  "A defendant must present a compelling case that the exercise of jurisdiction would not be reasonable." *Int'l Aero Prod., LLC v. Aero Advanced Paint Tech., Inc.*, 325 F. Supp. 3d 1078, 1086 (C.D. Cal. 2018).  Moreover, courts will not decline to exercise jurisdiction over non-resident defendants absent any compelling reason otherwise. *See*, *e.g.*, *CollegeSource*, 653 F.3d at 1080 (reversing district court's dismissal of the complaint after defendant made no showing that exercise of jurisdiction would be unreasonable).

Here, Defendant has not presented a "compelling case" that demonstrates why exercising jurisdiction over Defendant is unreasonable in light of Oceanside's

12

allegations that Defendant is subject to specific personal jurisdiction based on the California-related activities alleged in the Complaint.  Defendant's sole argument is its bald assertion that it does not have contacts with California.  Defendant cannot disclaim itself from being subject to this forum's jurisdiction after selling infringing products in California bearing the Detoxify Trademarks through its online store using a third-party retailer, Amazon, to California residents, as alleged by Oceanside in the Complaint.  It is evident that Defendant has structured its sales activity in such a manner as to invite orders from California and developed a verified capacity to fill them via Amazon.  Moreover, Defendant has continued to engage in such purposefully directed activity by engaging in the complained interfering and tortious acts, including interfering with Oceanside's contractual relations while knowing that Oceanside had an exclusive right to sell Detoxify products on the Amazon Platform and was a California-based company.

## V.   IN THE ALTERNATIVE, THE COURT SHOULD ALLOW OCEANSIDE TO CONDUCT JURISDICTIONAL DISCOVERY

"Courts are afforded a significant amount of leeway in deciding whether parties may conduct discovery relating to jurisdictional issues while a motion to dismiss is pending." *Orchid Biosciences, Inc. v. St. Louis University,* 198 F.R.D. 670, 672-673 (S.D. Cal., Jan. 11, 2001)  "'It is clear that the question of whether to allow discovery is generally within the discretion of the trial judge.  However, where pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed.'" *Id.* (quoting *America West Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 801 (9th Cir.1989) (citations omitted)).

Here, if the Court is inclined to grant the Motion, Oceanside requests that it be allowed to conduct limited jurisdictional discovery in order to resolve the factual disputes bearing on the question of jurisdiction.

OPPOSITION TO DEFENDANT INSTOCK GOODIES INC.'S MOTION TO DISMISS COMPLAINT

## VI.    CONCLUSION

Oceanside respectfully requests that the Court deny Defendant's Motion to Dismiss.

DATED:  April 17, 2023

FINLAYSON TOFFER ROOSEVELT & LILLY LLP

By    _____
*/s/ T. Kevin Roosevelt*
T. Kevin Roosevelt
Attorneys for Plaintiff
OCEANSIDE HEALTH PRODUCTS LLC

OPPOSITION TO DEFENDANT INSTOCK GOODIES INC.'S MOTION TO DISMISS
COMPLAINT

1

## CERTIFICATE OF SERVICE

2

3

4

5

     I am employed in the County of Orange; I am over the age of eighteen years and not a party to the within entitled action; my business address is 15615 Alton Parkway, Suite 270, Irvine, California 92618.  I am a registered user of the CM/ECF system for the United States District Court for the Central District of California.

6

7

     On April 17, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  To the best of my knowledge, all counsel to be served in this action are registered CM/ECF users and will be served by the CM/ECF system.

8

9

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

10

     Executed on April 17, 2023, at Irvine, California.

11

12

                                      */s/ T. Kevin Roosevelt*

                                          T. Kevin Roosevelt

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
CERTIFICATE OF SERVICE