JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| OCEANSIDE HEALTH PRODUCTS LLC, <br><br> Plaintiff, <br><br> v. <br><br> INSTOCK GOODIES INC. and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: SACV 23-00266-CJC (DFMx) <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [Dkt. 13]** |

## I.  INTRODUCTION & BACKGROUND

Plaintiff Oceanside Health Products LLC brings this action against Defendant Instock Goodies Inc. and unnamed Does for intentional interference with contractual relations and trademark infringement.  (*See* Dkt. 1 [Complaint].)  Plaintiff is an e-commerce brand that asserts it has exclusive rights to sell products made by a company called Detoxify, LLC.  (*See id.* ¶¶ 7, 11.)  Detoxify has a trademark registered under U.S.

Trademark Registration No. 1898539 (the "Detoxify Mark"), which Plaintiff purportedly has power of attorney to enforce. (*See id.* ¶ 9.) Plaintiff alleges that "[Defendant] is infringing on the Detoxify Mark by listing, advertising and selling products on the Amazon.com marketplace bearing the Detoxify Mark that are not subject to, do not abide by, and interfere with Detoxify's and [Plaintiff's] quality controls and customer service requirements." (*Id.* ¶ 19.)

Now before the Court is Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. For the following reasons, Defendant's motion is **GRANTED**.[1]

## II.   LEGAL STANDARD

A party may move to dismiss an action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). In determining the bounds of their personal jurisdiction, "[f]ederal courts ordinarily follow state law." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). Because California's long-arm statute "allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution," the Court need only analyze whether personal jurisdiction over Defendant comports with constitutional due process. *Id.*

Constitutional due process concerns are satisfied when a nonresident defendant has "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310,

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for May 8, 2023, at 1:30 p.m. is hereby vacated and off calendar.

316 (1945)).  Under the minimum contacts analysis, personal jurisdiction may be either general or specific.  *Id.*  General jurisdiction "permits a court to hear 'any and all claims' against a defendant, whether or not the conduct at issue has any connection to the forum [state]."  *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015).  A court may exercise general jurisdiction over an out-of-state defendant when that defendant's "affiliations with the State are so 'continuous and systematic' as to render [the defendant] essentially at home [there]."  *Id.* at 125.  Specific jurisdiction requires that the defendant's suit-related conduct create a substantial connection with the forum State.  *See Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1022–23 (9th Cir. 2017); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984).  A defendant cannot be "haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (cleaned up).

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction."  *In re W. Sts. Wholesale Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013).  That burden varies according to the nature of the pretrial proceeding during which the defendant raises the jurisdictional issue.  *See Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).  If "the defendant's motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'"  *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) (citation omitted).  "The plaintiff cannot 'simply rest on the bare allegations of its complaint,' but uncontroverted allegations in the complaint must be taken as true."  *Id.* (citation omitted).

//
//
//
//

## III. DISCUSSION

Defendant argues that the Court lacks general personal jurisdiction because its principal place of business and physical offices are both in New York, (*see* Dkt. 13-1 [Memorandum, hereinafter "Mot."] at 4), and that the Court lacks specific personal jurisdiction because Defendant's online sales to a national marketplace do not show that it "expressly aimed" any conduct at California, (*id.* at 5–7).

### A. General Jurisdiction

"[C]ourts have general jurisdiction over a foreign corporation only if the corporation's connections to the forum state 'are so continuous and systematic as to render [it] essentially at home in the forum State.'" *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1020 (9th Cir. 2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 9119 (2011)) (alterations in original). "A corporation's 'continuous activity of some sorts within a state is [generally] not enough to support the demand that the corporation be amenable to suits unrelated to that activity.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945). "Rather, in the paradigmatic circumstances for exercising general jurisdiction, the corporate defendant is incorporated or has its principal place of business in the forum state." *Williams*, 851 F.3d at 1020.

Plaintiff does not dispute that this Court lacks general jurisdiction over Defendant. Plaintiff's Complaint makes clear that Defendant is a New York corporation with its principal place of business and place of incorporation in New York. (*See* Compl. ¶ 5.) Defendant confirms those facts in the affidavit from Defendant's owner, Tzvi Heschel. (*See* Dkt. 13-2 [Declaration of Tzvi Heschel in Support of Defendant's Motion to Dismiss Complaint] ¶¶ 3–4.)

### B. Specific Jurisdiction

Courts employ a three-part test to determine whether a defendant has sufficient contacts with the forum state to be subject to specific personal jurisdiction: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof, (2) the claim must be one which arises out of or relates to the defendant's forum-related activities, and (3) the exercise of jurisdiction must comport with fair play and substantial justice. *See Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). The plaintiff has the burden of proving the first two prongs. *See CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011). If the plaintiff carries that burden, "the burden shifts to the defendant to set forth a compelling case that the exercise of jurisdiction would not be reasonable." *Picot*, 780 F.3d at 1212.

"The first prong of the specific jurisdiction test refers to both purposeful direction and purposeful availment." *Mavrix Photo Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011). In cases involving tortious conduct such as trademark infringement, courts typically employ the purposeful direction analysis. *See Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998). In the Ninth Circuit, the purposeful direction analysis is governed by a three-part "effects test" derived from *Calder v. Jones*, 465 U.S. 783 (1984). *See Picot*, 780 F.3d at 1213–14. Under the effects test, "the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 803 (9th Cir. 2004) (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)).

### 1. Intentional Act

It is clear from Plaintiff's Complaint that Defendant is alleged to have committed an intentional act. Plaintiff alleges that Defendant "unlawfully, willfully, and knowingly used and continues to use the Detoxify Mark in interstate commerce for purposes of selling products bearing the Detoxify Mark on the Amazon.com U.S. marketplace without [Plaintiff's] or Detoxify's consent." (Compl. ¶¶ 33, 50.) Defendant does not argue that the alleged use of the Detoxify Mark was accidental or done by a third-party. (*See generally* Opp.) Plaintiff's Complaint therefore satisfies the first prong of the *Calder* test. *See Mavrix Photo*, 647 F.3d at 1229 ("There is no question that [defendant] acted intentionally reposting the allegedly infringing photos[.]").

### 2. Express Aiming

Plaintiff "must also show that [Defendant] 'expressly aimed' its intentional act . . . at California." *Schwarzenegger*, 374 F.3d at 806. This inquiry "focus[es] . . . on defendant's intentional conduct that is aimed at, and creates the necessary contacts with, the forum state." *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1209 (9th Cir. 2020). While sales to a large state such as California are certainly a foreseeable result of selling products online to a national marketplace, express aiming is not satisfied where the defendant's connection to the forum state is merely a foreseeable result of the defendant's conduct. *See id.* at 1210; *see also Axiom Foods, Inc. v. Acerchem Int'l*, 874 F.3d 1064, 1070 (9th Cir. 2017) ("The foreseeability of injury in a forum is not a sufficient benchmark for exercising personal jurisdiction." (cleaned up)).

Plaintiff alleges that "[Defendant] has expressly aimed its tortious activities towards the State of California, purposefully availed itself of the privilege of doing business in California, and engaged in significant contacts with California, including

significant and regular sales, shipments, and distribution of products bearing infringing trademarks in California and to California residents." (Compl. ¶ 3.) Specifically, Plaintiff points to the following facts to support its argument: (1) Defendant intentionally sold infringing products bearing the Detoxify Mark through its online storefront on the Amazon Platform, (*see* Opp. at 7–8), (2) Plaintiff made "test buys," i.e., it ordered and received products with the Detoxify Mark from Defendant at Plaintiff's California address, (*id.* at 8), (3) the website connected to Defendant's Amazon storefront includes language "seek[ing] to comply with California's privacy laws," (*id.* at 9), and (4) Plaintiff, from its location in California, experienced "loss of business, goodwill, reputation, and profits," (*id.* at 10).

First, Plaintiff's argument that "Defendant has expressly aimed its conduct at California – where [Plaintiff] conducts its business managing Detoxify's brand, products, and intellectual property rights – when Defendant intentionally sold infringing products bearing the Detoxify Trademarks through its online storefront on the Amazon Platform," (Opp. at 7–8), is unavailing. Defendant's online sales to a national marketplace do not constitute the kind of California-focused conduct necessary to show express aiming. *See Spy Optic, Inc. v. AreaTrend, LLC*, 843 F. App'x 66, 68 (9th Cir. 2021) ("Operating a universally accessible website alone cannot satisfy the express aiming prong."); *P & P Imports LLC v. OJCommerce, LLC*, 2019 WL 8012690, at *2 (C.D. Cal. Oct. 4, 2019) ("[M]arketing and selling to California residents through Defendants' website or Amazon.com is insufficient to establish personal jurisdiction."); *Tart Optical Enters., LLC v. Light Co. Ltd.*, 2019 WL 9048862, at *13 (C.D. Cal. Aug. 7, 2019) ("[O]peration of a general website selling goods throughout the United States is not sufficient to establish purposeful direction." (cleaned up); *Graco Minn. Inc. v. PF Brands, Inc.*, 2019 WL 1746580, at *4 (S.D. Cal. April 17, 2019) ("District courts have declined to find express aiming based on alleged sales of products that infringe intellectual property rights

through commercial, interactive websites accessible to California consumers." (cleaned up)).[2]

Second, while Plaintiff avers that it purchased infringing products from Defendant and had the items shipped to California, (see Dkt. 16-1 [Declaration of Amy Belanger, hereinafter "Belanger Decl."] ¶¶ 10–18), "a plaintiff cannot manufacture personal jurisdiction in a trademark case by purchasing the accused product in the forum state." *Am. DJ Supply Inc. v. Am. Pro Int'l Corp.*, 2013 WL 12123768, *4 (C.D. Cal. 2013); *see Theos Med. Sys., Inc. v. Nytone Med. Prod., Inc.*, 2020 WL 500511, at *6 (N.D. Cal. Jan. 31, 2020) ("[A] plaintiff cannot manufacture personal jurisdiction in a case by making such purchases in the forum state."); *Adobe Sys., Inc. v. Nwubah*, 2019 WL 6611096, at *7 (N.D. Cal. Dec. 5, 2019) (stating that such "'evidentiary buys' . . . are simply the kind of 'random, fortuitous, [ ] attenuated contacts that depend on Plaintiff's contacts with the forum, not the contacts of Defendant'"); *Clarus Transphase Scientific, Inc. v. Q-Ray, Inc.*, 2006 WL 2374738, at *3 n.3 (N.D. Cal. Aug. 16, 2006) ("A plaintiff cannot manufacture personal jurisdiction in a trademark case by purchasing the accused product in the forum state."); *MGA Ent., Inc. v. Cabo Concepts Ltd.*, 2021 WL 4733784, *4 (C.D. Cal. 2021) (finding insufficient to show express aiming plaintiff's allegation that "California residents could and did purchase [the infringing] products from [defendant]'s website or

---

[2] Prior to the Supreme Court's holding in *Walden v. Fiore*, 571 U.S. 1115 (2014), the Ninth Circuit held that a theory of "individualized targeting" was sufficient to satisfy the express aiming requirement. *Wash. Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668, 675 (9th Cir. 2012). But in *Walden*, the Supreme Court held that "[a] forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum." *Walden*, 571 U.S. at 286. The Ninth Circuit has since stated that "[f]ollowing *Walden*, we now hold while a theory of individualized targeting may remain relevant to the minimum contacts inquiry, it will not, on its own, support the exercise of specific jurisdiction, absent compliance with what *Walden* requires." *Axiom Foods*, 874 F.3d at 1069. After *Walden*, courts "must look to the defendant's 'own contacts' with the forum, not to the defendant's knowledge of a plaintiff's connections to a forum." *Id.* at 1070. Therefore, Plaintiff's "ability to demonstrate that Defendant[ ] knew [Plaintiff's] principal place of business was in California and continued to infringe upon [Plaintiff's] mark cannot alone establish personal jurisdiction or satisfy the expressly aiming prong." *Entrepreneur Media, Inc. v. Rugged Entrepreneur*, 2021 WL 4497891, at *4–5 (C.D. Cal. July 14, 2021).

sites linked to it" with "shipping to California readily available as evidenced by plaintiff's counsel's purchase of [the infringing] products," because such conduct failed to show "that [defendant] had a [California]-specific focus and that it chose to target California").

Third, Plaintiff's argument that "Defendant's inclusion of California's privacy laws" on its website establishes personal jurisdiction because it "demonstrates that Defendant knew conducting business with California could subject it to liability under state law," (Opp. at 9), is without merit. It is true that under the "Using Personal Information" heading on the Privacy Policy page of Defendant's website, there is a section addressing the California Consumer Privacy Act (CCPA). (*See* Belanger Decl. Ex. I.) But including potentially applicable privacy laws on its website does not necessarily show that a defendant expressly aimed its sales at a particular state. *See Voodoo SAS v. SayGames LLC*, 2020 WL 3791657, at *5 (N.D. Cal. July 7, 2020) (finding that inclusion in privacy policy of section addressing the CCPA "show[ed] that SayGames knew *Jelly Shift* might be purchased by California residents," but "d[id] not indicate that SayGames specifically aimed *Jelly Shift* at California residents."); *Will Co. v. Does 1-20*, 2022 WL 18878042, at *4 (W.D. Wash. Dec. 19, 2022) ("References to United States' laws in JuicyAds' terms of service agreement is not sufficient to show Defendants' intentional actions were expressly aimed at this forum."); *Will Co. v. Lee*, 47 F.4th 917, 926 (9th Cir. 2022) ("[I]t would be insufficient for Defendants to have simply anticipated people from the United States might access ThisAV.com and to have set up pages to make sure they could do so lawfully."). In short, the Court is not persuaded that the reference to the CCPA in Defendant's privacy policy demonstrates express aiming at California.

Fourth, while the fact that Plaintiff is located in California and experienced the harm there "may have been adequate to establish individual targeting and therefore

express aiming prior to *Walden*, these allegations—which focus on Plaintiff's, rather than . . . Defendant['s], contacts with California—are inadequate, standing on their own, to establish the second minimum contacts requirement." *Talavera Hair Prod., Inc. v. Taizhou Yunsung Elec. Appliance Co.*, 2021 WL 3493094, at *8 (S.D. Cal. Aug. 6, 2021); *see Walden*, 571 U.S. at 290 ("The proper question is not where the plaintiff experienced a particular injury or effect, but whether the defendant's conduct connects him to the forum in a meaningful way."); *Theos Med. Sys.*, 2020 WL 500511, at *7 ("[I]nfringement of a plaintiff's intellectual property rights with knowledge that plaintiff's operations are based in the forum and that the harm will be felt there, is insufficient to establish personal jurisdiction without a further showing that the defendant otherwise expressly aimed its activities at the forum."); *Kellytoy Worldwide, Inc. v. Jay at Play Int'l Hong Kong Ltd.*, 2019 WL 8064196, at *5 (C.D. Cal. Dec. 5, 2019) ("[The defendant's] purported knowledge of Plaintiff's California connections cannot establish jurisdiction. The mere assertion that an alleged injury will be felt in California is insufficient post-*Walden*.").

Plaintiff also discusses at some length the fact that Defendant utilizes Amazon's fulfillment service, which means Defendant sends its products to Amazon's fulfillment centers for storage and eventual package and shipment to end consumers. (*See* Opp. at 9.) In other words, Amazon is the entity that ultimately fulfills customer orders and ships the necessary products—not Defendant. Plaintiff argues that "Defendant's conduct demonstrates a willingness to ship the alleged products bearing the Detoxify Trademarks to California, and Defendant has established the capacity to do so by utilizing Amazon's fulfillment services." (*Id.*) But the fact that Defendant had the "willingness" and "capacity" to send products to any state in the country—including California—via Amazon's fulfillment service, (*id.*), does not show that Defendant expressly aimed any conduct at California specifically. *Cf. Lanard Toys Ltd. v. Toys 2 Discover Inc.*, 2022 WL 2155976, at *3 (C.D. Cal. Jan. 11, 2022) (explaining that use of

"fulfilled by Amazon" service "largely removes Defendant from the transaction process" and thus "the Defendant here is not 'actively' conducting transactions with California residents"); *Pado, Inc. v. SG Trademark Holding Co. LLC*, 2020 WL 1445720, at *4 (C.D. Cal. Mar. 24, 2020) (finding no express aiming where defendants used Amazon fulfillment service because plaintiff "ha[d] not presented any allegations or evidence that Defendants . . . played an active role in completing any transactions in California").

In sum, Plaintiff has not established that there is either general or specific jurisdiction over Defendant in California. Plaintiff has not shown that Defendant has "continuous and systematic general business contacts," *Helicopteros,* 466 U.S. at 416, such that it can be sued there for any act it has committed anywhere in the world. And while Plaintiff has made out a prima facie case that Defendant committed intentional acts that may have caused harm to Plaintiff in California, it has not made a prima facie case that Defendant expressly aimed those acts at California.[3] Because Plaintiff has not satisfied all three parts of the *Calder* effects test, it has not shown that Defendant purposefully directed its conduct at California.[4]

### C. Jurisdictional Discovery

In lieu of granting Defendant's motion, Plaintiff requests that the Court allow it to conduct "limited jurisdictional discovery in order to resolve the factual disputes bearing on the question of jurisdiction." (Opp. at 13.) But "[i]n order to obtain discovery on jurisdictional facts, the plaintiff must at least make a 'colorable' showing that the Court

---

[3] Because Plaintiff "has failed to sustain [its] burden with respect to the second part of the *Calder* effects test, [the Court] need not . . . reach the third part of the test." *Schwarzenegger*, 374 F.3d at 807 n. 1.

[4] Similarly, because Plaintiff has failed to make even a prima facie showing of the first prong of the specific jurisdiction test, the Court need not analyze the second and third prongs of the test. *See CollegeSource*, 653 F.3d at 1076 (explaining that the plaintiff has the burden to prove the first two prongs of the Ninth Circuit's three-part personal jurisdiction test).

can exercise personal jurisdiction over the defendant." *Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1119 (C.D. Cal. 2007) (quoting *Central States, S.E. & S.W. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000)). A colorable showing "should be understood as something less than a prima facie showing, and could be equated as requiring the plaintiff to come forward with 'some evidence' tending to establish personal jurisdiction over the defendant." *Id.* (citing *eMag Sols., LLC v. Toda Kogyo Corp.*, 2006 WL 3783548, at *2 (N.D. Cal. Dec. 21, 2006)); *see also Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 672–73 (S.D. Cal. 2001) ("It would . . . be counterintuitive to require a plaintiff, prior to conducting discovery, to meet the same burden that would be required to defeat a motion to dismiss.").

Here, Plaintiff does not explain what discovery it seeks. In fact, it states nothing more than that "[h]ere, if the Court is inclined to grant the Motion, [Plaintiff] requests that it be allowed to conduct limited jurisdictional discovery in order to resolve the factual disputes bearing on the question of jurisdiction." (Opp. at 13.) This is insufficient to warrant jurisdictional discovery. *See Martinez v. Manheim Cent. Cal.*, 2011 WL 1466684, *5 (E.D. Cal. Apr. 18, 2011) (declining jurisdictional discovery "in the absence of a minimal factual showing supporting personal jurisdiction and, moreover, where no theory has been posited about what facts would be discovered and what they would show if Plaintiffs were permitted to fish on a hunch that something might be caught in a widely-cast net."); *Getz v. Boeing Co.*, 654 F.3d 852, 860 (9th Cir. 2011) (upholding the denial of jurisdictional discovery where plaintiffs' allegations of jurisdictional contacts were "purely speculative," and plaintiffs failed to identify any "specific facts, transactions, or conduct" that might support the exercise of personal jurisdiction); *Mackovich v. U.S. Gov't*, 2008 WL 2053978, *1 (E.D. Cal. May 13, 2008) (denying discovery where plaintiff made "no showing that if further discovery were allowed, the outcome of the motion to dismiss would be affected" (citing *Laub v. U.S.*

*Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir.2003)).

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED**.

DATED:   May 2, 2023

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE